# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

(1)  BRANDY WILLIAMS, and          )
(2)  JAMES WILLIAMS,               )
                                   )
                    Plaintiffs,    )
                                   )
v.                                 )
                                   )
(1)  ROBERT L. JOHNSON;            )     Case No. 6:24-cv-241-JAR
(2)  LCJ LOGISTICS, INC.;          )
(3)  AMAZON.COM SERVICES, INC.;    )
(4)  AMAZON LOGISTICS, INC.;       )
(5)  ALCLI; and                    )
(6)  CANAL INSURANCE COMPANY,      )
                                   )
                    Defendants.    )

## OPINION AND ORDER

This action arises from a motor vehicle collision that occurred on February 8, 2021, in Wagoner County, Oklahoma, involving a semi-tractor trailer owned and operated by defendants Robert L. Johnson ("Johnson") and LCJ Logistics, Inc. ("LCJ") and a passenger vehicle operated by plaintiff Brandy Williams.

Before the Court are four motions to dismiss filed by defendants Amazon.com Services, Inc. and Amazon Logistics, Inc. (collectively, "Amazon" or "Amazon Defendants") [Dkt. 59], LCJ [Dkt. 61], Canal Insurance Company ("Canal") [Dkt. 62], and Alcli Distributors, Inc. ("Alcli") [Dkt. 90]. Plaintiffs filed responses in opposition [Dkt. 65; Dkt. 66; Dkt. 67; Dkt. 91], and replies were submitted by Amazon [Dkt. 69], LCJ [Dkt. 72], Canal [Dkt. 73], and Alcli [Dkt. 93].[1]

---

[1] For clarity and consistency herein, when the Court cites to the record, it uses the pagination and document numbers provided by CM/ECF.

1

## I.   BACKGROUND

On November 29, 2022, plaintiffs filed their first lawsuit arising from the February 8, 2021 collision in the District Court for Wagoner County, Oklahoma.  *See Williams v. Johnson*, No. CJ-2022-298 (Okla. Dist. Ct. filed Nov. 29, 2022). That case was removed to this Court pursuant to 28 U.S.C. § 1332, *Williams v. Johnson,* No. 6:23-cv-210-RAW-GLJ, at Dkt. 4 (E.D. Okla.), and was dismissed without prejudice on October 20, 2023, upon the parties' stipulation, *id*. at Dkt. 37.

Plaintiffs initiated the present action on January 12, 2024, in the Wagoner County District Court. [Dkt. 2-2]. The case was removed to this Court  on July 11, 2024, pursuant to 28 U.S.C. § 1332. [Dkt. 2].[2] On May 22, 2025, plaintiffs filed an Amended Complaint alleging: (i) Johnson negligently and/or recklessly operated a semi-tractor trailer, causing a collision with plaintiffs' vehicle; (ii) LCJ, Amazon Defendants, and Alcli are vicariously liable for plaintiffs' injuries and are also liable for their own negligent and/or reckless actions; (iii)  as a direct result of defendants' conduct, plaintiff Brandy Williams ("Mrs. Williams") suffered severe injuries, losses, and damages, and plaintiff James Williams ("Mr. Williams") suffered loss of consortium; (iv) defendants' conduct warrants an award of punitive damages; and (v) Canal is named as a defendant because it insured LCJ and Johnson. *See* [Dkt. 56].

## II.   STANDARDS OF REVIEW

The moving defendants contend that the Amended Complaint fails to state a

---

[2] By consent of the parties [Dkt. 97], and pursuant to Fed. R. Civ. P. 73(a) and 28 U.S.C. § 636(c)(1), the undersigned United States Magistrate Judge exercises complete jurisdiction over this action through and including trial and entry of a final judgment.

claim under Rule 12(b)(6) and/or does not satisfy the minimum pleading requirements under Rule 8(a). Alcli further challenges personal jurisdiction under Rule 12(b)(2), the sufficiency of process under Rule 12(b)(4), and the timeliness and sufficiency of service under Rule 12(b)(5).

### A.   RULE 12(B)(6)

To withstand a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A claim is plausible when the facts alleged allow the Court to draw a reasonable inference that the defendant is liable for the purported misconduct. *Id*. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" are not entitled to the assumption of truth. *Id*.; *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214-15 (10th Cir. 2011). The question is whether the complaint alleges facts supporting all elements necessary to relief under the governing legal theories. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

### B.   RULE 8(A)

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rests" and to inform the Court of sufficient allegations to determine whether the plaintiff has a plausible legal right to relief. *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d

3

1473, 1480 (10th Cir. 1989) (quotation omitted). "[T]he degree of specificity necessary to establish plausibility and fair notice … depends on context," particularly where multiple defendants are involved. _Robbins v. Okla._, 519 F.3d 1242, 1248 (10th Cir. 2008).

## C.    RULE 12(B)(2)

In resolving a motion to dismiss for lack of personal jurisdiction, the Court may decide the motion on the basis of written materials without an evidentiary hearing. _Dudnikov v. Chalk & Vermillion Fine Arts, Inc._, 514 F.3d 1063, 1069 (10th Cir. 2008). Where, as here, no evidentiary hearing is held, plaintiffs need only make a _prima facie_ showing of personal jurisdiction, and the Court resolves factual disputes in plaintiffs' favor, but need not accept conclusory allegations. _OMI Holdings, Inc. v. Royal Ins. Co. of Canada_, 149 F.3d 1086, 1091 (10th Cir. 1998).

In a diversity case, the Court undertakes a two-step inquiry: (1) whether jurisdiction is proper under the forum state's long-arm statute, and (2) whether the exercise of jurisdiction comports with due process. _Rambo v. Am. S. Ins. Co._, 839 F.2d 1415, 1416 (10th Cir. 1988) (applying Oklahoma law). Because Oklahoma's long-arm statute extends to the full extent allowed by the United States Constitution, the analysis reduces to a single due process inquiry. _Id_. Due process requires that a nonresident defendant have "minimum contacts" with the forum state such that maintaining the suit does not offend "traditional notions of fair play and substantial justice." _Int'l Shoe Co. v. Washington_, 326 U.S. 310, 316 (1945). Minimum contacts may support either general jurisdiction, based on "continuous and systematic"

4

affiliations making the defendant essentially at home in the forum, or specific jurisdiction, where the defendant has purposefully directed activities at the forum and the litigation arises out of or relates to those activities. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-76 (1985); *OMI Holdings*, 149 F.3d at 1090-91.

### D. RULES 12(B)(4) AND 12(B)(5)

Rule 4 governs service of process and "provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992); see *Bethley v. City of Spencer, Okla.*, 37 F.3d 1509 (Table), 1994 WL 558932, at *5 (10th Cir. 1994) ("Because there was no valid service of process on [the defendant], the district court lacked personal jurisdiction over him."). Effectuation of service is a precondition to suit. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Rules 12(b)(4) and 12(b)(5) authorize a defendant to challenge the form of process and the manner of service. When service is challenged, the plaintiff bears the burden of demonstrating compliance with Rule 4 and due process. *Rudman v. Okla. ex rel. Bd. of Regents for the Reg'l Univ. Sys. of Okla.*, No. 22-cv-91-F, 2022 WL 17083406, at *20 (W.D. Okla. Nov. 18, 2022).

### III. AMAZON DEFENDANTS' MOTION TO DISMISS

#### A. VICARIOUS LIABILITY

The Amended Complaint alleges that on February 8, 2021, in Wagoner County, Oklahoma, Johnson negligently and/or recklessly operated a semi-tractor trailer,

causing a collision with Mrs. Williams' vehicle, and that Mrs. Williams suffered "severe and grievous injuries, harms, losses and damages," while Mr. Williams suffered loss of consortium. [Dkt. 56, ¶¶ 3-4, 6]. It further alleges that LCJ, Amazon Defendants, and Alcli "are vicariously liable for the injuries to the Plaintiffs." [*Id.*, ¶ 5]. Although brief, these allegations identify the underlying tortfeasor (Johnson), the allegedly wrongful conduct (negligent and/or reckless operation of the semi-tractor trailer causing the collision), the time and place of the accident, the resulting injuries, and the entities claimed to be vicariously liable. At the pleading stage, plaintiffs are not required to plead evidentiary detail of the agency or contractor relationship between Johnson and each purported principal; they need only provide enough factual context to give fair notice of the nature of the vicarious liability theory and to raise the claim above the speculative level. <u>Robbins</u>, 519 F.3d at 1248-50.

Viewed in the light most favorable to plaintiffs, the Amended Complaint adequately alleges that Amazon Defendants are vicariously liable for Johnson's negligence in operating the tractor-trailer involved in the February 8, 2021 collision. These allegations are sufficient to state a plausible vicarious liability claim against Amazon under <u>*Twombly*</u> and <u>*Iqbal*</u>. *See* <u>id</u>. at 1247; <u>*Kan. Penn Gaming*</u>, 656 F.3d at 1214-15.

## B.   DIRECT NEGLIGENCE

The Amended Complaint also alleges that LCJ, Amazon Defendants, and Alcli are liable "for their own negligent and/or reckless actions." [*Id.*]. As to Amazon Defendants, however, this is the only allegation suggesting direct negligence. The

6

pleading does not identify any specific act or omission by either Amazon entity, articulate any particular direct-liability theory (such as negligent hiring, training, supervision, or selection of LCJ), or describe any Amazon policy, practice, or instruction that allegedly caused or contributed to the collision.

This lone reference to Amazon Defendants' "own negligent and/or reckless action," unsupported by factual content, is precisely the type of conclusory allegation that fails under *Twombly* and *Iqbal*. The Tenth Circuit has repeatedly held that allegations lacking facts showing "who is alleged to have done what to whom" or consisting of generalized and conclusory assertions do not satisfy Rule 8 and cannot survive Rule 12(b)(6). *Robbins*, 519 F.3d at 1249-50; *Khalik v. United Air Lines*, 671 F.3d 1188, 1191-93 (10th Cir. 2012). Because the Amended Complaint does not allege facts describing what Amazon Defendants themselves did or failed to do that was negligent or reckless, plaintiffs' direct-negligence theory against Amazon Defendants fails to state a claim upon which relief can be granted.

## IV.  LCJS PARTIAL MOTION TO DISMISS

LCJ seeks dismissal of plaintiffs' direct negligence claims under Rules 8(a)(2) and 12(b)(6), while admitting vicarious liability for any proven negligence of its driver. LCJ concedes that Johnson was acting within the course of and scope of his relationship with LCJ at all relevant times and that LCJ is vicariously liable for any negligence ultimately attributed to Johnson. [Dkt. 66 at 1-2].

The Amended Complaint asserts direct negligence against LCJ in the same conclusory fashion as it does against Amazon by alleging, without more, that LCJ is

liable "for [its] own negligent and/or reckless actions." [Dkt. 56, ¶ 5]. For the reasons stated in Section III.B, *supra*, those allegations are insufficient under *Twombly* and *Iqbal*. Plaintiffs have not alleged any specific acts or omissions by LCJ that would support an independent negligence claim. Accordingly, LCJ is entitled to dismissal of any direct-negligence claims asserted against it in the Amended Complaint. LCJ's admission of vicarious liability preserves plaintiffs' *respondeat superior* theory and is not disturbed by this ruling.

## V.    CANAL'S MOTION TO DISMISS

The Amended Complaint asserts a single allegation against Canal: "Defendant CANAL Insurance Company with policy No. I-634844001-1 insures Defendants LCJ Logistics and Robert L. Johnson and shall be named in this lawsuit as a defendant." [Dkt. 56, ¶ 8]. No other factual allegations are directed at Canal. The Amended Complaint does not plead any legal theory of recovery against Canal, does not identify any act or omission by Canal, and does not allege that LCJ is a motor carrier licensed by the Oklahoma Corporation Commission or that Canal's policy was filed with the Commission pursuant to Oklahoma statute.

Under Oklahoma law, a plaintiff generally has no right to bring a direct action against a tortfeasor's insurer absent a specific statutory authorization. *Daigle v. Hamilton*, 1989 OK 137, 782 P.2d 1379, 1383. Plaintiffs' response relies on the Oklahoma Motor Carrier Act, 47 O.S. § 230.30, but the Amended Complaint does not allege any of the statutory predicates that federal courts applying Oklahoma law have required to sustain such a direct action, including that LCJ is a motor carrier subject

8

to Corporation Commission licensing and that Canal's policy was filed with the Commission. *See, e.g.*, *Fierro v. Lincoln Gen. Ins. Co.*, 2009 OK CIV APP 62, 217 P.3d 158; *O'Dell v. Baker*, No. 6:22-cv-147-RAW-GLJ, 2022 WL 18674828, at *1-2 (E.D. Okla. Nov. 9, 2022).

On the face of the operative pleading, plaintiffs allege only that Canal issued an insurance policy covering LCJ and Johnson. That allegation, standing alone, does not state a claim under Oklahoma law or federal pleading standards. Because the Amended Complaint lacks any well-pleaded factual allegations or clearly articulated legal theory that would make Canal directly liable to plaintiffs, it fails to state a claim against Canal upon which relief can be granted.

## VI.   ALCLI'S MOTION TO DISMISS

### A.   PERSONAL JURISDICTION

Plaintiffs concede that the Court lacks general jurisdiction over Alcli. *See* [Dkt. 91 at 2]. The specific jurisdiction inquiry therefore focuses on whether plaintiffs' claims arise out of or relate to Alcli's forum-related activities and whether Alcli purposefully directed activities at Oklahoma or purposefully availed itself of the privilege of conducting activities here. *See Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1276-78 (10th Cir. 2005).

The Amended Complaint does not plead any jurisdictional facts as to Alcli; it simply alleges that LCJ, Amazon Defendants, and "ALCLI" are vicariously liable and liable for their "own negligent and/or reckless actions." [Dkt. 56, ¶ 5]. In response to Alcli's motion, plaintiffs rely on a bill of lading for the shipment involved in the

9

collision, which lists "ALCLI" as the "Name of Carrier," and argue that Alcli Distributors, Inc. is therefore subject to specific jurisdiction as the carrier on a load that entered Oklahoma. [Dkt. 91 at 1, 4; Dkt. 91-1].

Even assuming the bill of lading may be considered, plaintiffs have not met their burden. The reference to "ALCLI" on a shipping document, without more, does not establish that Alcli Distributors, Inc. was the contracting carrier on this load, that it controlled transportation into Oklahoma, or that it had any role in hiring, directing, or supervising Johnson or LCJ. Alcli's sworn affidavit avers that it is a family-owned wholesale distributor of contractor tools and building supplies based in Ontario, Canada; that it has never conducted business activities in Oklahoma; that it has never owned property, maintained offices, bank accounts, mailing addresses, or telephone numbers in Oklahoma; that it has never paid Oklahoma taxes; that is has no affiliation with any party to this lawsuit; and that it had no knowledge of the collision or this litigation until service of the state-court petition in Canada. [Dkt. 90-1, ¶¶ 4-13]. Plaintiffs offer no contrary evidence tying Alcli Distributors, Inc. to the collision, to Johnson, to LCJ, or to the underlying shipping arrangements.

On this record, plaintiffs have not shown that Alcli "purposefully availed itself of the privilege of conducting activities within the forum State" or that it could reasonably anticipate being haled into court in Oklahoma. _Burger King_, 471 U.S. at 474-76; _OMI Holdings_, 149 F.3d at 1091. Because plaintiffs have failed to establish the requisite minimum contacts for specific jurisdiction, and general jurisdiction is

undisputedly lacking, the Court concludes that exercising personal jurisdiction over Alcli would violate due process.

### B.    INSUFFICIENT SERVICE OF PROCESS

Alcli also challenges the sufficiency of process and timeliness of service. The record reflects that plaintiffs served in Canada a copy of the original state-court petition and summons via the Hague Service Convention in November 2025. [Dkt. 9-1, ¶ 5; Dkt. 91-3]. By that time, however, the operative pleading in this Court was the Amended Complaint filed May 22, 2025. [Dkt. 56]. An amended complaint ordinarily supersedes the original complaint and renders it of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Serving a superseded pleading does not satisfy Rule 4's requirement that a defendant be served with "a summons and a copy of the complaint" then in effect.

Rule 4(m)'s 90-day time limit does not apply to service abroad under Rule 4(f), but courts have recognized that, in appropriate circumstances, extreme delay in serving a foreign defendant may justify dismissal for failure to prosecute under Rule 41(b). *See, e.g., O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 951-52 (7th Cir. 2000). Here, nearly 665 days elapsed between the filing of this action in January 2024 and service on Alcli in November 2025, despite plaintiffs having been alerted to the existence and possible Ontario location of "ALCLI" as early as July 2023. *See* [Dkt. 90 at 18; Dkt. 90-1, ¶ 5]. Because the Court dismisses Alcli on jurisdictional and pleading grounds, it need not decide whether the service defects alone would warrant dismissal or whether a lesser remedy, such as quashing service, would suffice.

## C.    FAILURE TO STATE A CLAIM

Even if personal jurisdiction and service were proper, the Amended Complaint does not state a plausible claim against Alcli. As with LCJ and Amazon Defendants, the only allegation directed to Alcli is that it is "vicariously liable for the injuries to the Plaintiffs as well as for [its] own negligent and/or reckless actions." [Dkt. 56, ¶ 5]. The Amended Complaint does not allege any relationship between Alcli and Johnson or LCJ, does not identify any contractual or agency relationship, and does not describe any conduct by Alcli relating to the shipment, the vehicle, or the collision.

The bare assertion that Alcli is "vicariously liable" is a legal conclusion, not a factual allegation. Without facts showing an agency, employment, or other relationship that could give rise to vicarious liability, the allegation is insufficient. Likewise, the reference to Alcli's "own negligent and/or reckless actions" is a threadbare recital of an element, unsupported by factual content. Under _Twombly_ and _Iqbal_, such conclusory allegations do not satisfy Rule 8 and cannot survive Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678-79; _Robbins_, 519 F.3d at 1249-50; _Khalik_, 671 F.3d at 1191-93. Accordingly, the Amended Complaint fails to state a claim upon which relief can be granted against Alcli.

## VII.    LEAVE TO AMEND

Under Rule 15(a)(2), the Court "should freely give leave [to amend] when justice so requires." However, leave may be denied upon a showing of undue delay, undue prejudice, bad faith, repeated failure to cure deficiencies by prior amendment, or futility. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Rule

12

7(b)(1) further requires that a request for relief be made by motion stating with particularity the grounds for seeking the order and the relief sought. *Albers v. Bd. of Cnty. Comm'rs of Jefferson City, Colo.*, 771 F.3d 697, 706 (10th Cir. 2014)

### A.    AMAZON DEFENDANTS

In their response, plaintiffs explain that the Amended Complaint was filed at defense counsel's request to substitute the correct Amazon entities and was drafted against the backdrop of Oklahoma's notice-pleading regime. [Dkt. 67 at 1-2]. They also identify additional facts they contend support Amazon Defendants' liability, including alleged control over the load, trailer, and driver through the Amazon Relay app and various monitoring and control mechanisms. [*Id*. at 3]. Although such factual material is not presently in the Amended Complaint and cannot cure the existing defects at this stage, they suggest that plaintiffs' direct-negligence theory may be curable and is not necessarily futile.

Given the early procedural posture, the history of removal from state court, and plaintiffs' proffer of additional factual content, the Court will dismiss the direct-negligence claims against Amazon Defendants without prejudice and grant plaintiffs leave to file, within the time prescribed herein, a proposed second amended complaint specifying the factual basis, if any, for any direct-negligence claims against Amazon Defendants, consistent with *Twombly* and *Iqbal*.

### B.    LCJ LOGISTICS, INC.

LCJ urges denial of further amendment, citing the history of multiple pleadings in this and the prior action and arguing that plaintiffs have had ample

opportunity to plead their best case. [Dkt. 61 at 5-6]. Plaintiffs request leave to amend to assert a properly pled independent negligence claim, explaining that earlier pleadings were drafted under Oklahoma's notice-pleading standards and that the most recent amendment was focused primarily on correcting party identifications. [Dkt. 66 at 2-3]. Plaintiffs' response indicates an intent to assert such a theory (*e.g.*, negligent employment of Johnson and LCJ's relationship with Amazon) and suggests that additional facts may be available. [*Id*. at 3-4].

On the present record, the Court cannot conclude that any attempt to amend would necessarily be futile. In light of the liberal amendment standard and the absence of undue prejudice to LCJ at this stage, the Court will dismiss the direct-negligence claim against LCJ without prejudice and grant plaintiffs leave to file, within the time prescribed herein, a proposed second amended complaint alleging specific facts supporting any independent negligence theory against LCJ.

## C.    CANAL INSURANCE COMPANY

In their response, plaintiffs articulate a specific statutory theory under the Oklahoma Motor Carrier Act and suggest that they can, if permitted, amend to allege the necessary jurisdictional and regulatory facts concerning LCJ's status and Canal's obligations. [Dkt. 65 at 1-4]. Although Canal argues that amendment would be futile, the Court cannot conclude on the present record that plaintiffs could not, consistent with Rule 11, plead a legally cognizable direct-action theory if Oklahoma law ultimately permits one in this context.

Accordingly, the Court concludes that dismissal of any claims against Canal is

14

warranted under Rule 12(b)(6), but that such dismissal should be without prejudice and with leave for plaintiffs to file, within the time prescribed herein, a proposed second amended complaint that clearly identifies any statutory basis for a direct action against Canal and alleges specific facts bringing Canal within the scope of that statute.

### D.   ALCLI DISTRIBUTORS, INC.

The final question as to Alcli is whether dismissal should be with or without leave to amend. Plaintiffs have litigated this matter in various forums since 2022 and have had multiple opportunities to refine their pleadings. Despite now identifying a bill of lading referencing "ALCLI," they still have not articulated a concrete, fact-specific theory connecting Alcli Distributors, Inc. to the collision, to Johnson, or to LCJ, and they offer no indication of what additional jurisdictional or merits facts they could allege to cure the defects identified above.

Where a plaintiff has repeatedly failed to cure deficiencies by prior amendments, a court may reasonably conclude that further amendment would be futile. _Frank_, 3 F.3d at 1365. Given the absence of any *prima facie* showing of minimum contacts, the service and timing issues, and the complete lack of well-pleaded factual allegations tying Alcli to any actionable conduct, the Court concludes plaintiffs have not shown that another amendment would cure the defects. Under these circumstances, dismissal without further leave to amend is appropriate.

## VIII.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1.    The joint motion to dismiss [Dkt. 59] of defendants Amazon.com Services, Inc. and Amazon Logistics, Inc. is **GRANTED** as to any direct-negligence claims and **DENIED** as to the vicarious liability claims.

2.    The partial motion to dismiss [Dkt. 61] of defendant LCJ Logistics, Inc. is **GRANTED** as to any direct-negligence claims.

3.    The motion to dismiss [Dkt. 62] of defendant Canal Insurance Company is **GRANTED** for failure to state a claim upon which relief can be granted.

4.    The motion to dismiss [Dkt. 90] of defendant Alcli Distributors, Inc., is **GRANTED** for lack of personal jurisdiction and, independently, for failure to state a claim upon which relief can be granted. In light of these rulings, the Court does not reach whether dismissal would also be warranted solely on service-of-process grounds.

5.    Defendant Alcli Distributors, Inc. is **DISMISSED** from this action without prejudice.

6.    Plaintiffs may propose amendments to cure the deficiencies identified as to Amazon Defendants, LCJ, and Canal. Plaintiffs are granted 14 days from the date of this Order, or until **MAY 14, 2026**, to file a motion for leave to file a second amended complaint in accordance with LCvR 7.1(k).

IT IS SO ORDERED this 30th day of April, 2026.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

16