**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BRANDY WILLIAMS and JAMES WILLIAMS,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**ROBERT L. JOHNSON; LCJ LOGISTICS, INC., a Foreign Corporation; AMAZON.COM SERVICES, Inc., a Foreign Corporation; AMAZON LOGISTICS, Inc., a Foreign Corporation; ALCLI; CANAL INSURANCE COMPANY;**<br><br>**Defendants.** | ) | **Case No.: 6:24-cv-00241-JAR**<br><br>*Attorney Lien Claimed*<br>*Jury Trial Demanded* |

**PLAINTIFF'S RESPONSE TO LCJ LOGISTICS, INC.'S PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

**COME NOW** the Plaintiffs, Brandy Williams and James Williams, and respond to the Partial Motion to Dismiss Plaintiffs' Second Amended Complaint, filed herein by LCJ Logistics, Inc., as follows:

**INTRODUCTION**

For reasons known only to itself, the Defendant has chosen to spend over three pages of its Motion detailing the procedural history of this case. The Defendant seeks to dismiss Plaintiffs' Second Amended Complaint, which was filed with leave of Court after Plaintiffs submitted it as a proposed Second Amended Complaint with a Motion for Leave, which was granted. LCJ Logistics, Inc., has not raised any meritorious objection to the Second Amended Complaint, which complied with the Court's Opinion and Order of 04/30/26 [Doc. No. 98].

## ARGUMENT AND AUTHORITIES

**PLAINTIFFS SUFFICIENTLY STATED A CLAIM FOR INDEPENDENT NEGLIGENCE BY LCJ LOGISTICS IN ITS CONTROL OF THE SUBJECT VEHICLE AND DRIVER.**

In it Order and Opinion, the Court recognized that the Plaintiffs had identified facts to support Amazon Defendants' liability, including "alleged control over the load, trailer, and driver through the Amazon Relay app and various monitoring and control mechanisms." [Doc. No. 98 at 13]. The Court granted leave to file a Second Amended Complaint which incorporated this exact theory. Paragraph 8 states that "Defendant LCJ was directly and independently negligent in hiring Johnson as a driver, entrusting the vehicle to him, and in failing to supervise him and ceding control of his operation of the vehicle to Amazon through the Amazon Relay application, which was open and running the entire time Johnson was driving and in allowing Amazon to monitor and control his operations, even tracking his speeding, weather conditions, and so forth in real time."

This sufficiently states a claim for negligent supervision of Johnson's driving and makes LCJ Logistics, Inc. independently and directly responsible for the negligent and reckless actions of Johnson, driver of the Amazon labeled vehicle. No further specification of actions by LCJ Logistics in conjunction with the Amazon Defendants is required. Nevertheless, LCJ Logistics, Inc., much like Amazon before it, claims that "despite the Plaintiffs' repeated use of the word 'control,' the Second Amended Complaint does not provide any facts indicating that the application in question allows LCJ (or Amazon, for that Matter) to physically or manually direct Defendant Johnson's driving behavior from a distance." [Doc. No. 106 at 7-8].

Plaintiffs are not required to elaborate on the factual basis of their claim. To withstand a motion to dismiss, a complaint need only contain "sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). LCJ's ability, along with Amazon's, to monitor and control the driver's action must be accepted as true. Whether LCJ could have monitored Johnson's reckless driving and ordered him to drive more carefully, is a question for the jury. It is certainly a plausible claim, as the Court itself suggested in its Order. Plaintiffs sincerely believed they were complying with the Court's Order in amending the Complaint to state the direct negligence liability of both LCJ and Amazon in the operation of the Amazon delivery system.

**CONCLUSION**

The Motion to Dismiss Plaintiffs' Second Amended Complaint should be denied.

Respectfully submitted,

J. Derek Ingle, OBA #16509
Boettcher | Devinney| Ingle | Wicker
1721 S Baltimore Avenue
Tulsa, Oklahoma 74119
P: (918) 728-6500; F: (539) 664-4129
Derek.Ingle@BDIWlaw.com

- and –

Lloyd K. Benedict, OBA #20030
Benedict Law Firm
10032 S Sheridan, Suite O
Tulsa, Oklahoma 74133
P: 918.477.7000; F: 918.477.7033
Lloyd@benedictlawoffice.com
***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

**I hereby certify that on the 16 day of JULY, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECT System and transmittal of a Notice of Electronic Filing to the following ECF registrants:**

**Thomas A. Paruolo, OBA #18442**
**Michael P. Garcia, OBA #35988**
**DeWitt Paruolo & Meek**
**PO Box 138800**
**Oklahoma City, OK 73113**
**405.705.3600; Fax 405.705.2573**
tom@46legal.com
mgarcia@46legal.com
**Attorneys for Amazon.com Services, Inc. fka Amazon Fulfillment Services, Inc., Amazon Logistics, Inc.**

**Stephen B. Smith, TX Bar No 18684450**
**Wilson Elser Moskowitz Edelman & Dicker**
Stephen.Smith@wilsonelser.com
**Attorneys for Amazon Defendants**

Robert P. Coffey, Jr., OBA #14628
Timothy Harmon, Sr., OBA #11333
Mbilike M Mwafuliwa, OBA #31164
**Coffey Senger & Woodard, PLLC**
robert@CSHHlaw.com
Tim@CSHHlaw.com
Mbilike@cshhlaw.com
**Attorneys for LCJ Logistics Inc., Robert Johnson, Kashish Johnson, and Canal Insurance Company**

Lloyd Benedict OBA #20030
**Benedict Law Office**
Lloyd@benedictlawoffice.com
**Co-Counsel for Plaintiffs**

/s / *J. Derek Ingle*
J. Derek Ingle, Esq.